IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In re: | | |
| | * | |
| MICHAEL K. LAVINE and ANDREA Z. LAVINE | * | 13-14692-JFS |
| Debtors | * | (Chapter 7) |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| MICHAEL K. LAVINE, | * | |
| Plaintiff, | * | Adversary Proceeding No. _________ |
| | * | |
| v. | | |
| | * | |
| WILLIAM CHENG, | | |
| | * | |
| Defendant. | | |

* * * * * * * * * * * * *

## COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

Plaintiff, Michael K. Lavine ("Lavine" or "Debtor") by undersigned counsel, files this *Complaint for Violation of the Automatic Stay* against William Cheng ("Cheng") and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 362. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1).

### THE CHAPTER 7 PROCEEDINGS

2. Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on March 18, 2013 (the "Petition Date") in the United States Bankruptcy

Court for the District of Maryland.

3. The meeting of creditors pursuant to Section 341 of the Bankruptcy Code was held on May 22, 2014.

4. On March 7, 2014, Cheng commenced an Adversary Proceeding, case no. 14-00127 (the "March, 2014 Adversary Proceeding") in which Cheng asserted causes of action pursuant to Section 523 of the Bankruptcy Code. These causes of action are rooted in allegations that the Debtor executed a promissory note. In fact, the Debtor never executed the promissory note at issue in the March, 2014 Adversary Proceeding and that litigation is currently in the discovery phase.

## PRE-BANKRUPTCY FACTUAL BACKGROUND

5. Prior to the Petition Date, Lavine was an instructor at Johns Hopkins University ("Hopkins"). In the fall of 2011, Cheng was a student in a class that Lavine was teaching: "Global Sourcing and Global Markets." During this class, Lavine mentioned the name of a company, Asian Snack Time, Inc., as an example for purposes of discussion. Asian Snack Time, Inc., a company owned by Michael Chan, was relevant to the class material as the course was discussing small e-commerce companies. Prior to the fall of 2011, Lavine had mentored Michael Chan, and Lavine and Michael Chan had a "mentor-protégé" relationship. At no time did Lavine ever have any ownership interest in Asian Snack Time, Inc.

6. During the fall semester, Cheng approached Lavine and asked for additional information regarding Asian Snack Time, Inc., as Cheng was interested in possibly investing with Asian Snack Time, Inc.. Cheng expressed an interest in learning more about the company, the owner of the company and asked Lavine if he could introduce the two of them Lavine provided Cheng with Michael Chan's contact information to allow Cheng to communicate directly with

Michael Chan. These communications with Cheng were part of Lavine's contract with Hopkins as part of Lavine's job description was to "share practical examples of real companies related to the course material" that Lavine was teaching.

7. Eventually, Cheng decided to invest $50,000 with Asian Snack Time, Inc., and Michael Chan executed a promissory note dated November 2, 2011 (the "Note") in the amount of $50,000 in favor of Cheng. Lavine never signed the Note. Upon information and belief, Michael Chan forged Lavine's signature on the Note. The Note is attached hereto as **Exhibit A**.

8. In the months following Asian Snack Time, Inc.'s execution of the Note, Cheng began to harass Lavine through a plethora of emails, text messages, phone calls and Facebook communications to Lavine and to members of his immediate family. Cheng sent hundreds of emails to Lavine's Hopkins' work email account and Lavine's personal AOL email account. This pattern of harassment left Lavine and members of his family in fear for their personal safety. The phone calls were persistent and constant.

9. On one occasion, Cheng threatened to drive to Lavine's home the same day he called (which was on a Sunday morning) and "take care of this business once and for all." Lavine immediately contacted the Baltimore County Police who advised Lavine to post "no trespassing" signs on Lavine's property and to immediately go to the Police Commissioner's Office in Towson to request a Peace Order. Lavine did as suggested and the Peace Order was granted.

10. Lavine eventually retained the legal services of an attorney to force Cheng to stop Cheng's invasions of Lavine's privacy, cyber-stalking and harassment. A copy of a letter dated April 5, 2012 from Irwin R. Kramer, Esquire to Cheng is attached hereto as **Exhibit B**.

11. Cheng's harassment culminated in Cheng bringing this non-work related personal

financial matter to the attention of Hopkins' Associate Dean and Dean. Lavine's teaching contract was terminated three days before the start of classes of the Fall 2012 semester. This led to a long period of unemployment which ultimately led to Lavine being forced to commence the instant bankruptcy case.

12. On April 26, 2012, Cheng filed a *Complaint for Confessed Judgment* in the Circuit Court for Baltimore City (the "Circuit Court") and on May 31, 2012, a confessed judgment (the "Confessed Judgment") was entered against Asian Snack Time, Inc., Michael Chan and Lavine.

13. On August 10, 2012, Lavine filed a *Motion to Vacate Confessed Judgment* (the "Motion to Vacate") wherein Lavine asserted that his alleged signature on the Note was clearly not Lavine's actual signature. Attached to the Motion to Vacate were copies of Lavine's passport and driver's license which revealed that the signature on the Note was obviously not that of Lavine. A copy of the Motion to Vacate, with exhibits, is attached hereto as **Exhibit C**.

14. On November 13, 2012, the Circuit Court entered an order vacating the Confessed Judgment. A copy of the order vacating the Confessed Judgment is attached hereto as **Exhibit D**.

15. As mentioned above, Lavine and his wife filed the instant Chapter 7 case on March 18, 2013. The filing of the bankruptcy triggered the automatic stay of Section 362 of the Bankruptcy Code which prohibits, *inter alia*, all efforts to collect pre-petition debts.

16. Cheng was included in Lavine's bankruptcy schedules, and thus was made aware of Lavine's bankruptcy filing upon receipt of the *Notice of Meeting of Creditors* that the clerk's office mailed to all creditors within days of the Petition Date.

17. Cheng filed the March, 2014 Adversary Proceeding on March 7, 2014, so at the

very latest, Cheng was aware that Lavine had filed the instant Chapter 7 proceeding as of March 7, 2014.

## FACTS RELATING TO CHENG'S VIOLATIONS OF THE AUTOMATIC STAY

18. On July 11, 2014 at 2:22 p.m., Debtor received a phone call from Cheng. After a few moments, Cheng terminated the phone call without saying anything.

19. On July 11, 2014 at 2:28 p.m., Debtor received a second phone call from Cheng. During this phone call, Cheng asked the Debtor where "his [Cheng's] money was." Cheng then proceeded to bombard Lavine with a series of questions relating to the Note. Lavine reminded Cheng that Cheng was not allowed to contact Lavine and attempt to collect on the alleged debt owed by Lavine to Cheng.

20. Lavine also reminded Cheng that Cheng was not allowed to contact Lavine based on Irwin Kramer's "cease and desist" letter dated April 5, 2012. Lavine told Cheng that Cheng had caused Lavine a considerable amount of mental pain and suffering through the hundreds of e-mails and phone calls that Cheng had previously directed towards Lavine. Lavine further advised Cheng that Lavine was under the care of a psychiatrist based solely on Cheng's actions, and had been since Cheng's incessant pattern of harassment began in early 2012.

## COUNT I – WILLFUL VIOLATION OF THE AUTOMATIC STAY

21. Lavine incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count I.

22. Pursuant to Section 362 of the Bankruptcy Code, all actions to collect a debt are

prohibited. Specifically, Section 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

23. Cheng had actual knowledge of Lavine's bankruptcy filing at least as of March 7, 2014.

24. Cheng's attempts to collect a debt from Lavine constituted willful violations of the automatic stay of Section 362.

25. Cheng's conduct caused actual damages to Lavine as follows:

(a) Lavine's out-of-pocket expenses for the filing fee for the instant adversary proceeding;
(b) Lavine's reasonable legal fees incurred with respect to the instant adversary proceeding;
(c) Lavine has lost precious time from his personal and professional life in dealing with Cheng's actions; and
(d) Lavine has suffered significant and ongoing mental pain and suffering as a direct result of Cheng's actions.

**WHEREFORE**, Michael K. Lavine requests this Court enter an Order:

a) Determining that Michael Cheng is guilty of civil contempt through his violations of the automatic stay;

b) Awarding Michael Lavine compensatory damages in an amount not less than $200,000 pursuant to 11 U.S.C. § 362(k)(1);

c) Awarding Michael Lavine punitive damages in an amount to be determined pursuant to 11 U.S.C. § 362(k)(1);

d) Awarding Michael Lavine legal fees and expenses pursuant to 11 U.S.C. § 362(k)(1); and

e) Granting such other and further relief the Court determines to be necessary or appropriate.

/s/ Aryeh E. Stein
Aryeh E. Stein, Fed. Bar No. 24559
Meridian Law, LLC
600 Reisterstown Road, Suite 700
Baltimore, MD 21208
Phone: 443-326-6011
Facsimile: 410-653-1061
astein@meridianlawfirm.com

*Attorney for Plaintiff*

# Exhibit A

# PROMISSORY NOTE

$50,000

Brooklyn, New York,
November 2, 2011

FOR VALUE RECEIVED, Asian Snack Time, Inc. a New York Corporation (the "Borrower"), promises to pay to the order of William Cheng a resident of Frederick, Maryland (the "Lender"), the principal sum of $50,000 (the "Principal Sum"), in accordance with the following:

1. Interest. Interest shall accrue at the rate of 7% for seventy five (75) days.

2. Payments. The unpaid Principal Sum plus all interest shall be paid in one payment. This payment is due seventy five (75) days from the execution date of this Promissory Note. The payment shall be made via wire transfer to William Cheng.

2a. Processing Fees. Asian Snack Time, Inc. will be responsible for any bank fees that may incur upon the initial wire transfer to Asian Snack Time, Inc. Asian Snack Time, Inc. will also be responsible for any bank fees incurred upon repayment.331,

2b. Late Fee. If the payment is not received by the Lender within 10 business days of the due date, a late fee of $100 per week will accrue.

3. Application and Place of Payments. All payments including permitted partial prepayments made on account of this Promissory Note shall be applied first to the payment of any late charge, and second to the payment of accrued and past due interest, and the remainder, if any, shall be applied to the unpaid Principal Sum. All payments on account of this Promissory Note shall be paid in lawful money of the United States of America in immediately available funds during regular business hours of the Lender at its principal office in Maryland or at such other times and places as the Lender may at any time and from time to time designate in writing to the Borrower.

4. Prepayment. This Promissory Note may be prepaid at any time without any penalty whatsoever.

5. Default. The occurrence of any one (1) or more of the following events shall constitute a default under this Promissory Note: (a) the failure of the Borrower to pay within thirty (30) days of when due any payment on this Promissory Note; (b) the filing of any petition under the U.S. Bankruptcy Code or any similar Federal or State statute by or against any Borrower; or (c) application for the appointment of a receiver for, the making of a general assignment for the benefit of creditors by, or the insolvency of, Borrower.

If a default occurs under the terms of this Promissory Note, the Lender may declare the whole Principal Sum and accrued interest to be due. and thereafter the whole Principal Sum and accrued interest shall forthwith become immediately due and payable.

The Lender may exercise this option to accelerate during any default by the Borrower regardless of any prior delay or forbearance.

If this Promissory Note is turned over to an attorney for collection, the Lender shall be entitled to collect all reasonable costs and expenses of collection, including, but not limited to, reasonable attorney's fees of fifteen percent (15%) of the then unpaid principal balance and accrued interest.

If this Promissory Note is not paid when due, the Borrower hereby authorizes and empowers any attorney or Clerk of any Court within the United States or elsewhere to appear for the Borrower in that Court at any time there is a default under this Promissory Note and confess judgment against the Borrower without giving prior notice to or serving process on such person or persons, in favor of the Lender for such amount as may appear to be unpaid on this Promissory Note, including interest, late charges, expenses and reasonable attorney's fees of fifteen percent (15%) of such sums. The authority and power to appear for and enter judgment against the Borrower shall not be exhausted by one or more exercises hereof or by any imperfect exercises hereof, and shall not be extinguished by any judgment entered pursuant thereto; this authority and power may be exercised on one (1) or more occasions, from time to time in the same or different jurisdiction, as often as the Lender shall deem necessary or desirable, for all of which this Promissory Note shall be sufficient authority.

Presentment, demand, notice of default or dishonor, and protest are hereby waived by the Borrower and all guarantors and endorsers hereof. This Promissory Note shall be the joint and several obligations of all makers, sureties, guarantors and endorsers, and shall be binding upon the Borrower and its heirs, personal representatives, successors and assigns.

THE BORROWER HEREBY WAIVES TRIAL BY JURY IN ANY MATTER ARISING UNDER THIS PROMISSORY NOTE. This Promissory Note shall be deemed to be made in and shall be governed by the laws of the State of Maryland.

7. Notice. Any notice or demands required or permitted to be given by either party under this Note shall be in writing, sent certified mail, return receipt requested, postage prepaid, or by Federal Express or other reputable overnight courier service, or by hand delivery and shall be deemed to have been received upon hand delivery, or one (1) business day following deposit with Federal Express or other reputable overnight courier service, or three (3) days following deposit in the U.S. Mail if sent by certified mail to the address shown below or to such other address as either party may designate by notice to the other.

Lender's address for notice:
519 Partridge Way
Frederick, MD 21703
Borrower's address for notice:
Asian Snacktime, Inc.
39 Bowery Suite 961

New York, NY, 10002

8. Miscellaneous. Each right, power and remedy of the Lender hereunder or under applicable laws shall be cumulative and concurrent, and the exercise of any one (1) or more of them shall not preclude the simultaneous or later exercise by the Lender of any or all such other rights, powers or remedies. No failure or delay by the Lender to insist upon the strict performance of any one (1) or more provisions of this Promissory Note or to exercise any right, power or remedy consequent upon a breach thereof, or default hereunder shall constitute a waiver thereof, or default hereunder shall constitute a waiver thereof, or preclude the Lender from exercising any such right, power or remedy. By accepting full or partial payment after the due date of any amount of principal or of interest on this Promissory Note, the Lender shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts of principal or interest on this Promissory Note or to exercise any rights and remedies available to it in order to collect all such other amounts due and payable under this Promissory Note. No modification, change, waiver or amendment of this Promissory Note shall be deemed to be made by the Lender unless in writing signed by the Lender, and each such waiver, if any, shall apply only with respect to the specific instances involved.

The Borrower hereby represents and warrants that the proceeds of this loan are to be used to carry on the commercial activities of this entity.

10. Severability. Any provision of this Promissory Note which shall prove to be invalid, void or illegal shall in no way affect, impair or invalidate any other provisions hereof and such other provisions shall remain in full force and effect.

11. Personal Guaranty: This Promissory Note is also personally guaranteed by Michael Chan and Michael K. Lavine.

IN WITNESS WHEREOF, the Borrower has caused this Promissory Note to be executed by its duly authorized officers as of the date first written above.

ASIAN SNACK TIME, INC.

By: ______________________
Michael Chan, President

By: ______________________
Michael K. Lavine, Managing Director

# Exhibit B

KRAMER & CONNOLLY
AV-RATED LITIGATION ATTORNEYS

Irwin R. Kramer
ATTORNEY AT LAW

WRITER'S DIRECT E-MAIL
irk@KramersLaw.com

April 5, 2012

**VIA EMAIL**

Mr. William Cheng
519 Patridge Way
Frederick, Maryland 21703

RE: ***Michael K. Lavine***

Dear Mr. Cheng:

Having been retained as litigation counsel on behalf of Dr. Michael K. Lavine, I am writing to request that you discontinue all further communications with my client.

Although Dr. Lavine understands your concerns in connection with certain business transactions, and feels confident that your borrower will meet his obligations, the plethora of emails, texts, phone calls and Facebook communications to Dr. Lavine and to members of his immediate family go well beyond the pale of civilized business communications. As your communications have left Dr. Lavine and his loved ones in fear of their personal safety, I have instructed them to block further communications from you.

From this point forward, I must insist that all further communications be addressed to me in writing. Should you persist in contacting my client or members of his family by any means of communication, I will have no alternative but to seek court intervention to address your invasions of privacy, cyber-stalking and harassment.

I thank you for your attention to this very disturbing matter.

Very truly yours,

Irwin R. Kramer

Irwin R. Kramer

cc: Dr. Michael K. Lavine

THE OFFICES AT EBAUGH HOUSE

465 MAIN STREET
REISTERSTOWN, MD 21136

TEL: 410.581.0070
FAX: 410.581.1524

# Exhibit C

| | | |
|---|---|---|
| WILLIAM CHENG | * | IN THE |
| *Plaintiff* | * | CIRCUIT COURT |
| vs. | * | FOR |
| ASIAN SNACKTIME INC., et al | * | BALTIMORE COUNTY, MD |
| *Defendant* | * | |
| | * | Case No.: 03-C-12-004505 CJ |
| | * | |

* * * * * * * * * * * * *

## MOTION TO VACATE CONFESSED JUDGMENT

The individual Defendant: MICHAEL KEITH LAVINE, by and through his attorneys Cary C. Jacobson, Esquire and The Drazin Law Center, P.A., pursuant to Maryland Rules 2-611(d) and (e), moves this Honorable Court to Vacate the Confessed Judgment entered against him, in this instant action, on May 21, 2012 and to permit Defendant to file a responsive pleading. The Defendant affirmatively states that there is a substantial and sufficient basis for an actual controversy as to the merits of this action and, in support hereof, states as follows:

1. According to the Court's Docket, on April 26, 2012, the Plaintiff, WILLIAM CHENG, filed a Complaint for Confessed Judgment in these proceedings utilizing, as a basis therefore, the alleged Promissory Note referenced and attached to the Plaintiff's Complaint with this individual Defendant being a supposed Guarantor of the alleged indebtedness. For the Court's convenience, a copy of this alleged Promissory Note (taken from the Plaintiff's Complaint) is attached hereto, and incorporated by reference herein, as Exhibit A.

2. According to the Court's Docket, based upon the allegations within the Plaintiff's Complaint, on May 21, 2012, this Court entered a Judgment by Confession against this individual Defendant in the amount of Fifty One Thousand Eight Hundred Sixty-Five Dollars ($51,865.00). For the Court's convenience, a copy of the Notice of Entry of the Confessed Judgment is attached hereto, and incorporated by reference herein, as Exhibit B.

DRAZIN LAW
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

DRAZIN LAW
9 Center Place
Second Floor
Dundalk, MD 21222

3. Albeit not yet reflected within the Court's Docket, this individual Defendant was recently served, by the Plaintiff's agent, this the requisite Court documents.

4. The Service effectuated against this individual Defendant was certainly effectuated within the past thirty (30) days and, therefore, this Motion to Vacate is timely filed.

5. This individual Defendant was, of course, extremely dismayed to receive the Complaint and Notice of Confessed Judgment because of not only the Court action and entry of the Judgment against him but this individual Defendant, in actuality, never guaranteed any indebtedness owed to the Plaintiff and *certainly never signed any Promissory Note concerning this alleged debt.*

6. The signature upon the alleged Promissory Note that is purported to be that of this individual Defendant *is, in fact, not this individual Defendant's signature.* Attached hereto and incorporated by reference herein, as Exhibit C, are true and correct copies of the Defendant's United States Passport and Maryland Driver's License containing the Defendant's true signature.

7. Even a cursory look, by a layman, at this individual Defendant's true signature (as reflected on the documents within Exhibit C) would reveal that the signature upon the alleged Promissory Note does not belong to this individual Defendant.

8. Attached hereto and incorporated by reference herein, as Exhibit D, is this individual Defendant's Affidavit concerning this matter.

9. *There is material and substantial disagreement as to the existence of any obligation due to the Plaintiff by this individual Defendant.*

10. Via these averments and the attached Exhibits, this individual Defendant respectfully suggests to this Honorable Court that he has demonstrated *a substantial and sufficient basis for an actual controversy to the merits of this action* and that, therefore, the Plaintiff's Judgment against him must be vacated.

**WHEREFORE,** the individual Defendant: MICHAEL KEITH LAVINE requests that this Honorable Court enter an Order Vacating the Entry of Judgment by Confession and grant him leave to file any and all responsive pleadings which maybe required in the defense of this action.

DRAZIN LAW
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

DRAZIN LAW
9 Center Place
Second Floor
Dundalk, MD 21222

Respectfully Submitted,

THE DRAZIN LAW CENTER, P.A.

by: Cary C. Jacobson
10420 Little Patuxent Parkway
Suite 100
Columbia, Maryland 21044
410-730-6536
CJacobson@DrazinLaw.com
*Attorney for the Defendant*

**REQUEST FOR HEARING**

Pursuant to Maryland Rule 2-311(f), the Defendant MICHAEL KEITH LAVINE, by and through his attorney Cary C. Jacobson, Esquire, requests a Hearing on this Motion.

Cary C. Jacobson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of August, 2012, copies of the foregoing Motion to Vacate Judgment, all Exhibits, and proposed Order were mailed, first-class mail, postage pre-paid, to Lawrence S. Greenberg, Esquire, *Counsel for the Plaintiff*, at 6 East Biddle Street, Baltimore, MD 21202.

Cary C. Jacobson

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

# EXHIBIT A

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

# PROMISSORY NOTE

$50,000

Brooklyn, New York,
November 2, 2011

FOR VALUE RECEIVED, Asian Snack Time, Inc. a New York Corporation (the "Borrower"), promises to pay to the order of William Cheng a resident of Frederick, Maryland (the "Lender"), the principal sum of $50,000 (the "Principal Sum"), in accordance with the following:

1. Interest. Interest shall accrue at the rate of 7% for seventy five (75) days.

2. Payments. The unpaid Principal Sum plus all interest shall be paid in one payment. This payment is due seventy five (75) days from the execution date of this Promissory Note. The payment shall be made via wire transfer to William Cheng.

2a. Processing Fees. Asian Snack Time, Inc. will be responsible for any bank fees that may incur upon the initial wire transfer to Asian Snack Time, Inc. Asian Snack Time, Inc. will also be responsible for any bank fees incurred upon repayment.331,

2b. Late Fee. If the payment is not received by the Lender within 10 business days of the due date, a late fee of $100 per week will accrue.

3. Application and Place of Payments. All payments including permitted partial prepayments made on account of this Promissory Note shall be applied first to the payment of any late charge, and second to the payment of accrued and past due interest, and the remainder, if any, shall be applied to the unpaid Principal Sum. All payments on account of this Promissory Note shall be paid in lawful money of the United States of America in immediately available funds during regular business hours of the Lender at its principal office in Maryland or at such other times and places as the Lender may at any time and from time to time designate in writing to the Borrower.

4. Prepayment. This Promissory Note may be prepaid at any time without any penalty whatsoever.

5. Default. The occurrence of any one (1) or more of the following events shall constitute a default under this Promissory Note: (a) the failure of the Borrower to pay within thirty (30) days of when due any payment on this Promissory Note; (b) the filing of any petition under the U.S. Bankruptcy Code or any similar Federal or State statute by or against any Borrower; or (c) application for the appointment of a receiver for, the making of a general assignment for the benefit of creditors by, or the insolvency of, Borrower.

If a default occurs under the terms of this Promissory Note, the Lender may declare the whole Principal Sum and accrued interest to be due, and thereafter the whole Principal Sum and accrued interest shall forthwith become immediately due and payable.

The Lender may exercise this option to accelerate during any default by the Borrower regardless of any prior delay or forbearance.

If this Promissory Note is turned over to an attorney for collection, the Lender shall be entitled to collect all reasonable costs and expenses of collection, including, but not limited to, reasonable attorney's fees of fifteen percent (15%) of the then unpaid principal balance and accrued interest.

If this Promissory Note is not paid when due, the Borrower hereby authorizes and empowers any attorney or Clerk of any Court within the United States or elsewhere to appear for the Borrower in that Court at any time there is a default under this Promissory Note and confess judgment against the Borrower without giving prior notice to or serving process on such person or persons, in favor of the Lender for such amount as may appear to be unpaid on this Promissory Note, including interest, late charges, expenses and reasonable attorney's fees of fifteen percent (15%) of such sums. The authority and power to appear for and enter judgment against the Borrower shall not be exhausted by one or more exercises hereof or by any imperfect exercises hereof. and shall not be extinguished by any judgment entered pursuant thereto; this authority and power may be exercised on one (1) or more occasions, from time to time in the same or different jurisdiction, as often as the Lender shall deem necessary or desirable, for all of which this Promissory Note shall be sufficient authority.

Presentment, demand, notice of default or dishonor, and protest are hereby waived by the Borrower and all guarantors and endorsers hereof. This Promissory Note shall be the joint and several obligations of all makers, sureties, guarantors and endorsers, and shall be binding upon the Borrower and its heirs, personal representatives, successors and assigns.

THE BORROWER HEREBY WAIVES TRIAL BY JURY IN ANY MATTER ARISING UNDER THIS PROMISSORY NOTE. This Promissory Note shall be deemed to be made in and shall be governed by the laws of the State of Maryland.

7. Notice. Any notice or demands required or permitted to be given by either party under this Note shall be in writing, sent certified mail, return receipt requested, postage prepaid, or by Federal Express or other reputable overnight courier service, or by hand delivery and shall be deemed to have been received upon hand delivery, or one (1) business day following deposit with Federal Express or other reputable overnight courier service, or three (3) days following deposit in the U.S. Mail if sent by certified mail to the address shown below or to such other address as either party may designate by notice to the other.

Lender's address for notice:
519 Partridge Way
Frederick, MD 21703
Borrower's address for notice:
Asian Snacktime, Inc.
39 Bowery Suite 961

New York, NY, 10002

8. Miscellaneous. Each right, power and remedy of the Lender hereunder or under applicable laws shall be cumulative and concurrent, and the exercise of any one (1) or more of them shall not preclude the simultaneous or later exercise by the Lender of any or all such other rights, powers or remedies. No failure or delay by the Lender to insist upon the strict performance of any one (1) or more provisions of this Promissory Note or to exercise any right, power or remedy consequent upon a breach thereof, or default hereunder shall constitute a waiver thereof, or default hereunder shall constitute a waiver thereof, or preclude the Lender from exercising any such right, power or remedy. By accepting full or partial payment after the due date of any amount of principal or of interest on this Promissory Note, the Lender shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts of principal or interest on this Promissory Note or to exercise any rights and remedies available to it in order to collect all such other amounts due and payable under this Promissory Note. No modification, change, waiver or amendment of this Promissory Note shall be deemed to be made by the Lender unless in writing signed by the Lender, and each such waiver, if any, shall apply only with respect to the specific instances involved.

The Borrower hereby represents and warrants that the proceeds of this loan are to be used to carry on the commercial activities of this entity.

10. Severability. Any provision of this Promissory Note which shall prove to be invalid, void or illegal shall in no way affect, impair or invalidate any other provisions hereof and such other provisions shall remain in full force and effect.

11. Personal Guaranty: This Promissory Note is also personally guaranteed by Michael Chan and Michael K. Lavine.

IN WITNESS WHEREOF, the Borrower has caused this Promissory Note to be executed by its duly authorized officers as of the date first written above.

ASIAN SNACK TIME, INC.

By: ______________________
Michael Chan, President

By: ______________________
Michael K. Lavine, Managing Director

# EXHIBIT B

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

CIRCUIT COURT FOR BALTIMORE COUNTY
Julie L. Ensor
Clerk of the Circuit Court
County Courts Building
401 Bosley Avenue
P.O. Box 6754
Towson, MD 21285-6754
(410)-887-2601, TTY for Deaf: (800)-735-2258
Maryland Toll Free Number (800) 938-5802

# N O T I C E  O F  C O N F E S S E D  J U D G M E N T

Case Number: 03-C-12-004505 CJ
C I V I L

Cheng vs Asian Snacktime Inc, et al

I HEREBY CERTIFY that the following Judgment has been recorded in this Court in the above entitled case:

Judgment Against: Lavine, Michael Keith
3522 Barton Oaks Road
Baltimore, MD 21208

Judgment in Favor of: Cheng, William

| | | | |
|---|---|---|---|
| Judgment Ordered On: | 05/21/12 | | |
| Judgment Entry Date: | 05/21/12 | Other Fee: | $.00 |
| Amount of Judgment: | $45,100.00 | Service Fee: | $.00 |
| PreJudgment Interest: | $.00 | Witness Fee: | $.00 |
| Appearance Fee: | $.00 | Attorney Fee: | $6,765.00 |
| Filing Fee: | $.00 | Total Judgment: | $51,865.00 |

$100.00 per week and interest from the date of judgment.

You have 30 days after service of this notice upon you to file a written motion to open, modify or vacate the Judgment.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.

Julie L. Ensor
Clerk of the Circuit Court, per

Issued: 05/31/12

# EXHIBIT C

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

*The Secretary of State of the United States of America hereby requests all whom it may concern to permit the citizen/national of the United States named herein to pass without delay or hindrance and in case of need to give all lawful aid and protection.*

*Le Secrétaire d'Etat des Etats-Unis d'Amérique prie par les présentes toutes autorités compétentes de laisser passer le citoyen ou ressortissant des Etats-Unis titulaire du présent passeport, sans délai ni difficulté et, en cas de besoin, de lui accorder toute aide et protection légitimes.*

*El Secretario de Estado de los Estados Unidos de América por el presente solicita a las autoridades competentes permitir el paso del ciudadano o nacional de los Estados Unidos aquí nombrado, sin demora ni dificultades, y en caso de necesidad, prestarle toda la ayuda y protección lícitas.*

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE/FIRMA DEL TITULAR

NOT VALID UNTIL SIGNED

PASSPORT
PASSEPORT
PASAPORTE



UNITED STATES OF AMERICA

Type / Type / Tipo: P
Code / Code / Código: USA
Passport No. / No. du Passeport / No. de Pasaporte: 048379515

Surname / Nom / Apellidos
LAVINE

Given names / Prénoms / Nombres
MICHAEL KEITH

Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA

Date of birth / Date de naissance / Fecha de nacimiento
14 NOV 1966

Sex / Sexe / Sexo: M
Place of birth / Lieu de naissance / Lugar de nacimiento: NEW YORK, U.S.A.

Date of issue / Date de délivrance / Fecha de expedición
08 JUL 2006

Authority / Autorité / Autoridad
United States
Department of State

Date of expiration / Date d'expiration / Fecha de caducidad
07 JUL 2016

Amendments / Modifications / Enmiendas
SEE PAGE 24

P<USALAVINE<<MICHAEL<KEITH<<<<<<<<<<<<<<<<<<

0483795154USA6611145M1607071<<<<<<<<<<<<<<<02


DL
Class C
Driver's License
Maryland
LIC #: L-150 603-465-873
MICHAEL KEITH LAVINE
3522 BARTON OAKS RD
PIKESVILLE BA MD 21208
BIRTH DATE: 11-14-1966
EXPIRES: 11-14-2014
Sex: M HT: 5-10 WT: 230
Restr: B Type: R
Issue Date: 11-10-2009
11-14-1966

# EXHIBIT D

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

| | | |
|---|---|---|
| WILLIAM CHENG | * | IN THE |
| *Plaintiff* | * | CIRCUIT COURT |
| vs. | * | FOR |
| ASIAN SNACKTIME INC., et al | * | BALTIMOMRE COUNTY, MD |
| *Defendant* | * | |
| | * | Case No.: 03-C-12-004505 CJ |
| | * | |

* * * * * * * * * * * * *

**AFFIDAVIT OF MICHAEL K. LAVINE**

I, MICHAEL K. LAVINE, upon first being duly sworn in accordance with law, do hereby state and affirm that:

1. I am an adult resident of the State of Maryland and have personal knowledge of the facts stated herein.
2. I am not an owner of Asian Snack Time, Inc.
3. I am not indebted to William Cheng.
4. I am not a guarantor to any debt due to William Cheng.
5. I never signed a Promissory Note evidencing any debt due to William Cheng in any capacity (whether individually or as some sort of corporate officer).
6. The averments, matters, and facts as set forth in my "Defendant's Motion to Vacate Judgment" – together with the contents of all Exhibits attached thereto – are true and correct as alleged to the best of my knowledge, information, and belief.

I solemnly declare and affirm, under the penalties of perjury and upon personal knowledge, that the contents of this Affidavit are true and accurate.

8/9/12
Date

Michael K. Lavine
MICHAEL K. LAVINE

DRAZIN LAW
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

DRAZIN LAW
9 Center Place
Second Floor
Dundalk, MD 21222

STATE OF MARYLAND, CITY/COUNTY OF BALTIMORE, TO WIT:

I HEREBY CERTIFY, that on this 9 day of AUGUST, 2012, the above named MICHAEL K. LAVINE, personally appeared before me and made oath in due form of law that the matters and facts set forth in the foregoing Affidavit are true and correct as therein stated and acknowledged that the said Affidavit is in fact his act and deed that he has full understanding of the contents therein.

AS WITNESS my hand and Notary Seal

Sharon D. Parizer

Notary Public
My Commission Expires:

SHARON D PARIZER
NOTARY PUBLIC
BALTIMORE CITY
MARYLAND
MY COMMISSION EXPIRES APR. 29, 2014

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

| | | |
|---|---|---|
| WILLIAM CHENG | * | IN THE |
| *Plaintiff* | * | CIRCUIT COURT |
| vs. | * | FOR |
| ASIAN SNACKTIME INC., et al | * | BALTIMORE COUNTY, MD |
| *Defendant* | * | |
| | * | Case No.: 03-C-12-004505 CJ |
| | * | |

* * * * * * * * * * * * *

**ORDER**

Upon consideration of the Defendant's Motion to Vacate Judgment, and the response thereto, if any, it is by the Circuit Court for Baltimore County, Maryland; hereby:

ORDERED, the Judgment by Confession against the Defendant, MICHAEL KEITH LAVINE is hereby VACATED; and, it is further,

ORDERED, the Defendant, MICHAEL KEITH LAVINE has the Court's leave to file any and all responsive pleadings which may be required in the defense of this action.

______________________
Date

______________________
JUDGE,
Circuit Court for Baltimore County, MD

Cc: Lawrence S. Greenberg
*Attorney for the Plaintiff*

Cary Jacobson, Esquire
*Attorney for the Defendant*

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

# The Circuit Court for Baltimore County

THIRD JUDICIAL CIRCUIT OF MARYLAND

JOHN F. FADER II, JUDGE
RETIRED, SPECIALLY ASSIGNED

401 BOSLEY AVENUE
COUNTY COURTS BUILDING
TOWSON, MARYLAND 21204
410-887-4810

NOVEMBER 13, 2012

**MOTIONS RULING**

RE: CHENG V. ASIAN SNACKTIME, INC.
CASE NO. 12-4505

The Lavine Motion to Vacate Confessed Judgment filed 8/10/2012 to which there is a Response filed is **GRANTED.** The Judgment entered on 5/21/2012 against Michael Keith Lavine is Vacated. The Movant is granted 20 days from the date this motions order ruling is docketed to Answer or otherwise Respond to the complaint.

While what has been submitted in the Response to the Motion is interesting and important, the affidavit by Lavine that the signature on the guaranty is not his and is a forgery means that a credibility judgment must be made by a trier of fact for the authenticity of the signature to be supported.

True Copy Test
JULIE L. ENSOR, Clerk
Per [signature]
Assistant Clerk

[signature]
John F. Fader II, Judge

**NOTE:** Orders are mailed to the attorneys/parties upon docketing. Because the Office of the Clerk is sometimes behind in docketing, sometimes there is a delay in this Order being mailed to the attorneys. If you feel it is necessary to ascertain the exact date of docketing, you may obtain that information at: casesearch.courts.state.md.us. It is best and easiest to use the case number search engine at the end of the page. Docket entries will follow the correct case identification search from which docketing dates may be obtained.
Please do not phone the clerk for this date unless you do not have computer access.

**THE CLERK SHALL MAIL A COPY OF THIS ORDER TO THE PARTIES**

FILED NOV 26 2012

CIRCUIT COURT FOR BALTIMORE COUNTY
Julie L. Ensor
Clerk of the Circuit Court
County Courts Building
401 Bosley Avenue
P.O. Box 6754
Towson, MD 21285-6754
(410)-887-2601, TTY for Deaf: (800)-735-2258
Maryland Toll Free Number (800) 938-5802

NOTICE OF RECORDED JUDGMENT

Case Number: 03-C-12-004505 CJ
CIVIL

Cheng vs Asian Snacktime Inc, et al

I HEREBY CERTIFY that the following Judgment has been recorded in this Court in the above entitled case:

Judgment Against: Lavine, Michael Keith
3522 Barton Oaks Road
Baltimore, MD 21208

Judgment in Favor of: Cheng, William

Judgment Ordered On: 05/21/12
Judgment Entry Date: 05/21/12
Amount of Judgment: $45,100.00
PreJudgment Interest: $.00
Appearance Fee: $.00
Filing Fee: $.00
$100.00 per week and interest from the date of judgment.

Other Fee: $.00
Service Fee: $.00
Witness Fee: $.00
Attorney Fee: $6,765.00
Total Judgment: $51,865.00

NOTICE OF MODIFICATION OF JUDGMENT

VACATED on: 11/26/12

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.

Julie L. Ensor
Julie L. Ensor
Clerk of the Circuit Court, per pl

Issued: 11/26/12

# Exhibit D

# The Circuit Court for Baltimore County

THIRD JUDICIAL CIRCUIT OF MARYLAND

JOHN F. FADER II, JUDGE
RETIRED, SPECIALLY ASSIGNED

401 BOSLEY AVENUE
COUNTY COURTS BUILDING
TOWSON, MARYLAND 21204
410-887-4810

NOVEMBER 13, 2012

**MOTIONS RULING**

RE: CHENG V. ASIAN SNACKTIME, INC.
CASE NO. 12-4505

The Lavine Motion to Vacate Confessed Judgment filed 8/10/2012 to which there is a Response filed is **GRANTED.** The Judgment entered on 5/21/2012 against Michael Keith Lavine is Vacated. The Movant is granted 20 days from the date this motions order ruling is docketed to Answer or otherwise Respond to the complaint.

While what has been submitted in the Response to the Motion is interesting and important, the affidavit by Lavine that the signature on the guaranty is not his and is a forgery means that a credibility judgment must be made by a trier of fact for the authenticity of the signature to be supported.

True Copy Test
JULIE L. ENSOR, Clerk
Per [signature]
Assistant Clerk

[signature]
John F. Fader II, Judge

**NOTE:** Orders are mailed to the attorneys/parties upon docketing. Because the Office of the Clerk is sometimes behind in docketing, sometimes there is a delay in this Order being mailed to the attorneys. If you feel it is necessary to ascertain the exact date of docketing, you may obtain that information at: casesearch.courts.state.md.us. It is best and easiest to use the case number search engine at the end of the page. Docket entries will follow the correct case identification search from which docketing dates may be obtained.
Please do not phone the clerk for this date unless you do not have computer access.

**THE CLERK SHALL MAIL A COPY OF THIS ORDER TO THE PARTIES**

FILED NOV 26 2012

CIRCUIT COURT FOR BALTIMORE COUNTY
Julie L. Ensor
Clerk of the Circuit Court
County Courts Building
401 Bosley Avenue
P.O. Box 6754
Towson, MD 21285-6754
(410)-887-2601, TTY for Deaf: (800)-735-2258
Maryland Toll Free Number (800) 938-5802

N O T I C E  O F  R E C O R D E D  J U D G M E N T

Case Number: 03-C-12-004505 CJ
C I V I L

Cheng vs Asian Snacktime Inc, et al

I HEREBY CERTIFY that the following Judgment has been recorded in this Court in the above entitled case:

Judgment Against: Lavine, Michael Keith
3522 Barton Oaks Road
Baltimore, MD 21208

Judgment in Favor of: Cheng, William

| | | | |
|---|---|---|---|
| Judgment Ordered On: | 05/21/12 | | |
| Judgment Entry Date: | 05/21/12 | Other Fee: | $.00 |
| Amount of Judgment: | $45,100.00 | Service Fee: | $.00 |
| PreJudgment Interest: | $.00 | Witness Fee: | $.00 |
| Appearance Fee: | $.00 | Attorney Fee: | $6,765.00 |
| Filing Fee: | $.00 | Total Judgment: | $51,865.00 |

$100.00 per week and interest from the date of judgment.

N O T I C E  O F  M O D I F I C A T I O N  O F  J U D G M E N T

VACATED on: 11/26/12

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of this Court.

Julie L. Ensor

Julie L. Ensor
Clerk of the Circuit Court, per

Issued: 11/26/12